NEW ENGLAND TRANSPORTATION COMPANY *vs.* JAMES H. DOORLEY, *et al.*

MARCH 26, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM. Since our opinion was filed in this case, the defendants appeared, in accordance with the right granted them by statute, to show cause, if any they had, why judgment should not be entered for the plaintiff.

For cause that judgment should not be so entered, they contend that, first, contrary to the statement in our opinion, Mr. Lavery, an employee of the plaintiff, had authority to bind the plaintiff in negotiations for the lease; second, that their special plea was good as an equitable plea under the statute, (G. L. 1923, chap. 333, sec. 22) and therefore the evidence of the special agreement made before the lease was entered into was admissible; and third, that the plaintiff was estopped to claim a forfeiture of the lease for defendant James H. Doorley's breach of the covenant not to sell intoxicating beverages on the leased premises.

The first reason is without merit. The testimony of Lavery, which is quoted by defendants in their brief to show that Lavery had authority to bind the plaintiff, clearly does not have that effect. The whole of Lavery's testimony alone is sufficient to show that he was not clothed with such authority to make any agreements independent of, collateral to or in modification of those contained in the lease, which was executed by an officer of the plaintiff company and not by Lavery. He was at the most an agent of the company to enter into preliminary negotiations with the defendant James H. Doorley. When the time came to close the negotiations and enter into definite and binding obligations, this was done by an officer of the company, signing on behalf of

the company a solemn written instrument which contained all of the covenants binding both the plaintiff and the defendant James H. Doorley.

Defendants' second reason, it seems to us, is also untenable. Defendants' special plea was not such a plea as is contemplated by the statute, which provides for the filing of equitable defenses in law actions. Such pleas may be filed where an unconditional judgment can be rendered on the plea. Here this could not be done, as the practical effect of defendants' special plea amounted to asking the court to reform the instrument by incorporating within it or as a supplement to it an alleged oral agreement entered into by James H. Doorley and James H. Lavell, not a party to the lease or in the action on trial, in the presence of Lavery, who was not authorized to bind the plaintiff. Clearly this could not be done without creating a situation within this common law action somewhat like that referred to with disapproval by this court in *Hawkins* v. *Baker*, 14 R. I. 139, when it said, at page 142: "Moreover, a matter of equitable defence might very likely be complicated with other matters difficult of adjustment, and which could not be adjusted without the introduction of other parties. Now however advantageous it may be to abolish the distinctions of law and equity in some cases, it is nevertheless to be considered that simplicity of procedure, especially in actions at law is a great *desideratum*. 'In applying equitable doctrines in a new case,' said Chief Baron Pollock in *Wakley* v. *Froggat*, 2 H. & C. 669, 673, 'I think we should be cautious not to enlarge their operation so as to increase the equitable jurisdiction of a court of law.' We incline to the same opinion."

If we disregard the plea entirely, as though it had been withdrawn, this will not help the defendants on the point upon which our opinion is mainly based, namely, the breach of the covenant not to sell intoxicating liquors on the leased premises, as the defendants freely testified that the business on the premises had been conducted under two licenses to

sell intoxicating beverages. Therefore, there is no merit in the contention that a new trial should be granted on the theory that, if the special plea is overruled as an equitable plea, the admissions made therein by the defendants, of the sale of intoxicants, necessarily go out of the case.

The third reason, that the plaintiff is estopped to claim a forfeiture, is now argued for the first time. On the original hearing and in the superior court, the contention was made that the plaintiff, by its conduct, waived the breach upon which the claim of forfeiture was based. In their brief on the order to show cause, defendants do not question the decision of this court on that point, but now claim the defense of estoppel on the very same evidence of conduct upon which they previously based their claim of waiver. This cannot be done in this proceeding to show cause. But, if it could be done, it would avail the defendants nothing. What they allege as conduct on the part of the plaintiff which raises an estoppel is nothing of the kind. In the first place, it is not alone the conduct of the plaintiff upon which they now rely, but also the conduct of James H. Lavell, who is not a party to the case; and in the second place, the conduct of the plaintiff, upon which they now rely and concerning which they have referred us to the testimony of John F. Doorley, does not furnish a basis for an estoppel. This is so because the conduct of the plaintiff, such as it was, was not shown to have induced the defendants to do to their disadvantage what they would not have done but for such conduct. Indeed, it is difficult to consider these incidental conversations of Lavery and John F. Doorley as amounting to conduct of the plaintiff company at all.

Looking at this case from every angle as favorably to the defendants as we could consistently with our understanding of the law, we are unable to find that any cause has been shown why judgment should not be entered as directed in our opinion of February 8, 1938.

Therefore, the case is remitted to the superior court with direction to enter judgment for the plaintiff for possession and costs.

*J. Clifden O'Reilly, Isadore S. Horenstein,* for plaintiff.

*Francis J. Kiernan, Michael DeCiantis, Theodore Jaffe,* for defendants.